IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VALENCIA COUNTY FARM BUREAU,
et al.,

        Plaintiffs,

vs.                                                                CIV. No. 02-1175 JC/RLP

THE VILLAGE OF LOS LUNAS, et al.,

        Defendants.

### MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiffs' Emergency Motion for Removal [sic] to State Court, filed Feb. 3, 2003 (*Doc. 11*), and upon Plaintiffs' Emergency Application for Restraining Order, filed Feb. 3, 2003 (*Doc. 9*). Having reviewed the motions, memoranda and applicable legal authority, this Court finds Plaintiffs' motion for remand to state court well taken and it is, therefore, granted. The Court further finds Plaintiffs' motion for restraining order moot and it is, therefore, denied.

**I.**      **Background**

In 1996, the Village of Los Lunas began implementing a draft wastewater treatment plan to expand the wastewater treatment plant site at 1781 Heaton Loop SE. As part of the plan, the Village allocated funds to condemn approximately 20 acres of land for the new facility. Plaintiffs contend that the expansion will be a public nuisance, as it will impinge upon Plaintiffs' quality of life and their ability "to enjoy the presence of the Silvery Minnow, the Southwestern Willow Flycatcher, the Whooping Cranes and other endangered wildlife in the area of the outfall...." Notice of Removal, filed Sept. 17, 2002, Ex. A., Verified Compl. and Application for Prelim. Injunct. (*Doc. 1*). Pursuant to

28 U.S.C. § 1441, Defendants removed the case to United States District Court for the District of New Mexico.

## II.     Discussion

The threshold issue is whether removal to this Court is proper. Removal statutes are to be strictly construed, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941), and all doubts are to be resolved against removal. *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957). The Tenth Circuit has held that to support removal jurisdiction, "the required federal right or immunity must be an essential element of the plaintiff's cause of action, and that the federal controversy must be 'disclosed upon the face of the complaint, unaided by the answer or by the petition for removal.' " *Madsen v. Prudential Fed. Sav. & Loan Assn.*, 635 F.2d 797, 800 (10th Cir. 1980) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 113 (1936)); *Okla. ex rel. Wilson v. Blankenship*, 447 F.2d 687, 691-92 (10th Cir. 1971).

In the case at bar, Plaintiffs' complaint asserts that the condemnation of land for the expansion of Los Lunas' wastewater treatment facility will create a public nuisance. Spread throughout the Complaint are various references to violations of federal law and federal due process. Comp. at ¶¶ 32, 68, 68, 70, 75, 76. These references, however, are nothing more than illusions and are not essential elements of Plaintiffs' cause of action. Plaintiffs' complaint is the model of uncertainty and obliquity, and the Court finds that it does not contain the requisite invocation of federal law to merit federal subject matter jurisdiction.

Wherefore,

IT IS ORDERED that Plaintiffs' Emergency Motion for Removal [sic] to State Court, filed Feb. 3, 2003 (*Doc. 11*), is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' Emergency Application for Restraining Order, filed Feb. 3, 2003 (*Doc. 9*) is DENIED as MOOT.

DATED February 6, 2003.

/s/ John Edwards Conway
SENIOR UNITED STATES DISTRICT JUDGE

Attorney for Plaintiffs:

    John McCall, Esq.
        Albuquerque, New Mexico

Attorney for Defendants:

    Gregory V. Pelton, Esq.
        PELTON & ASSOC.
        Albuquerque, New Mexico

    Laurence P. Guggino, Jr., Esq.
        Los Lunas, New Mexico